Our consideration of all of the issues leads to the conclusion that the judgment under appeal should, as to both defendants, be

Reversed.

MARGARET PIROZZI MANNA, *ET AL.,* PLAINTIFFS-RE-SPONDENTS, v. GIOVANNI PIROZZI, ETC., *ET AL.,* DE-FENDANTS-APPELLANTS, AND PIROZZI HOLDING COM-PANY, A NEW JERSEY CORPORATION, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued October 15, 1956—Decided October 26, 1956.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Russell Fleming* argued the cause for plaintiffs-respondents.

*Mr. Michael G. Alenick* argued the cause for defendants-appellants.

PER CURIAM. This is a motion by plaintiffs-respondents, in the alternative, to dismiss the appeal or suppress the brief and appendix of the defendants-appellants for failure to comply with the requirement of *R. R.* 1:7–1(*f*) that the printed appendix of the appellant include such portions of the record "which the appellant reasonably assumes will be relied upon by respondents in meeting the issues raised," or for an order requiring defendants to print by supplemental appendix omitted portions of the transcript of that description. Defendants argue that the omitted material does not bear upon the issues raised by their appeal.

It should not be necessary for this Division to have to do what we have done on this application, *i. e.,* to read the

entire transcript to ascertain whether the motion is meritorious. A substantial number of such tasks would seriously impair our ability to function. But rules must be enforced if they are to serve their purpose in the interest of all litigants, and there has been serious default by many members of the bar in meeting the spirit, if not the letter, of the rule here involved. The rule simply will not work unless followed in good faith by the generality of the appellate bar. *Borough of Westville v. Whitney Home Builders, Inc.,* 40 *N. J. Super.* 62, 69 (*App. Div.* 1956). The designation of "portions [of the record] which the appellant reasonably assumes will be relied upon by respondents in meeting the issues raised" should be construed by appellants liberally and if there is any doubt inquiry should be made of the other side. Such a practice would serve, moreover, to minimize the difficulties we frequently encounter in trying to read and understand a record consisting of chopped-up segments of the transcript spread through two uncorrelated appendices.

This subject has been a frequent cause of concern to the court, and to an extent not nearly reflected by the references to it in the reported cases. See, *e. g., State v. Schmelz,* 17 *N. J.* 227, 238 (1955); *Grove v. Grove,* 21 *N. J. Super.* 447, 455 (*App. Div.* 1952); *Feddock v. New Jersey Realty Co.,* 28 *N. J. Super.* 400 (*App. Div.* 1953); *Gargano v. Venezio,* 37 *N. J. Super.* 129, 131 (*App. Div.* 1955). Appellants did not comply with the rule in the present case. The decision of the trial court was partly in favor of each side. The scope of the opinion of the court extended to practically every issue in the case, and the respondents may well have been expected to rely, as indeed they say they do, upon all the testimony tending to support any aspect of it adverse to appellants. Testimony clearly of that character was omitted by appellants and this default is not excused by the mere fact that more than half of the entire transcript was printed. This is not a matter controlled by percentages but by the nature of the content of the record and its relationship to the issues fairly to be envisioned as maturing on the appeal after both sides

have been heard. Nor does the permission given by the rules for the printing by the respondent of additional parts of the record not printed by appellant [*R. R.* 1:7–4(*f*)] excuse default by an appellant of the obligation which the rules place upon it.

The appellants will print, file and serve forthwith a supplemental appendix containing the following: (a) page 65 of the transcript, from the tenth line, to page 70, through the fourteenth line; (b) page 94, from the eighth line from the bottom, to page 119, eleventh line; (c) page 120, from the tenth line, to page 136, first line; (d) Exhibit P–2.

Respondents will be allowed their taxed costs on this motion. Submit order.